## HATHCOCK *v.* THE STATE.

1. Representations by a party applying for credit that he was perfectly solvent and responsible for his debts, and was good for his obligations, are representations of his respectability and wealth, and if false, are within section 4587 of the code, which declares that "If any person by false representation of his own respectability, wealth or mercantile correspondence and connections, shall obtain a credit and thereby defraud any person or persons of any money, goods, chattels, or any other valuable thing, . . such person so offending shall be deemed a cheat and swindler."
2. Where the trial is had at the same time on two counts in an accusation, a verdict of guilty on one count alone is an acquittal on the other, but such acquittal does not vitiate the conviction although both counts may relate to the same transaction.
3. Where the goods are obtained by false representations mixed with true ones, if the false are separable from the true and are material, and had a material influence in effecting the fraud, they alone may be alleged in the indictment or accusation, and the conviction will be upheld although other representations not false constituted a material part of the inducement on which the prosecutor gave the credit and parted with his goods.
4. Where the fruits of a criminal fraud amounted to more than nine hundred dollars, a fine of one thousand dollars is not an excessive or unusual punishment.
5. The sentence being that the accused "pay a fine of one thousand dollars and costs of this prosecution, or be confined in the common jail for twelve months," is in the alternative. When in the alternative, the imprisonment is a part of the punishment and cannot exceed the limit of six months. Direction given to modify sentence as to imprisonment in jail, in accordance with section 4705 of the code.
6. An affidavit on which an accusation is founded in the city court may charge two misdemeanors of the same class as committed by the same person, and the accusation founded thereon may consist of two counts, each charging one of the offences set forth in the affidavit, and the prosecutor will not be compelled to elect between these counts at the trial where it appears from the evidence that both of them relate to the same transaction.
7. Where the affidavit sets out one of the offences and adds the facts concerning the other, introducing these facts with the phrase,

"the deponent further charges and accuses the said W. M. Hath-
cock with misdemeanor in this," the verification of the affidavit
is not confined to these terms of accusation, but extends also to
the facts as set out in the subjoined statement as to the mode of
committing the misdemeanor.

8. That the accused had unlimited credit with another house was
not relevant upon the question of whether he had misrepre-
sented his solvency to the prosecutor and thereby defrauded him.

9. Promissory notes of the accused, executed after the misrepre-
sentation complained of, in renewal of debts existing before, were
admissible in evidence to show the amount of his liabilities at
the time he represented himself as solvent.

10. Objection to evidence generally, with no statement of the
grounds on which the objection was based at the time it was
made, will not be considered.

11. Proof of good character will not hinder conviction if the guilt of
the defendant is plainly proved to the satisfaction of the jury,
and so to instruct the jury is not "gratuitous, unnecessary, ar-
gumentative and hurtful to the defendant."

12. The verdict was warranted by the evidence.

November 23, 1891.

Criminal law. Cheating and swindling. Verdict.
Indictment. Punishment. Practice. Evidence. Charge
of court. Before Judge VAN EPPS. City court of At-
lanta. December term, 1890.

The rulings covered by head-notes 6–12, and referred
to but not fully set out in the opinion, are as follows:

The allegations of the affidavit and of the accusation
founded on it were the same. The affidavit was sworn
to and subscribed before a notary public. The second
part of it on which the second count of the accusation
was based, commenced thus: "State of Georgia, Fulton
county. The deponent, A. P. Morgan, further charges
and accuses the said W. M. Hathcock with misdemeanor
in this, that on or about the aforesaid date of May 23d,
1889, in the county of Fulton, State of Georgia, the said
Hathcock represented," etc. Hathcock, alleging that
there were two several and distinct affidavits and accusa-
tions against him, moved that they be tried separately and
that the State be required to elect upon which accusa-

tion he should be tried. The motion was denied. One ground of demurrer was, that the second portion of the affidavit is not in form and substance an affidavit, and though subscribed by Morgan "there is no form required therein by the statute for an affidavit," and though sworn to is insufficient in law, and therefore the accusation is not founded on an affidavit such as the law contemplates and requires, and in this the affidavit is defective; it is merely an accusation, being in form and effect similar to the accusation signed by the solicitor of the city court.

In the motion for a new trial, besides the grounds that the verdict was contrary to law and evidence, it was alleged that the court erred in sustaining the objection of counsel for the State to the following question asked Morgan and other witnesses: "Was not the credit of W. M. Hathcock with Tucker & Fain unlimited, and could he not buy all he wanted from them?" The defendant contended that the evidence was admissible as throwing light on the probability of his application to Morgan, when coupled with the fact that Morgan required a statement, and for other reasons.

Also, in overruling the objection of defendant to the admissibility of all notes signed by W. M. Hathcock and also those signed by Hathcock & Parker, either in his individual capacity or as member of the firm, which bore date after the 23d day of May, 1889. The ground of objection was that the notes bore date since the representations said to have been made by Hathcock to Morgan. The notes were renewals of debts existing before.

Also, in admitting in evidence, over objection of defendant, deeds made by defendant to M. L. Hathcock, dated October 2 and 5, 1889, conveying certain land, because, as movant insists, they were irrelevant and in no way connected with the illegal and fraudulent representation alleged to have been made. And in over-

ruling the objection of defendant to the testimony of Cauley and Kidd going to show that the marks on certain corn shipped by Morgan to Hathcock to Fairburn, Georgia, were changed, and the name of M. L. Hathcock put thereon, because the same was in no way relevant to the question in issue, and it was highly prejudicial to the accused, it being shown that the corn and other things bought by Hathcock of Morgan were bought to be consumed in the use, and it was immaterial to what use Hathcock put it.

Also, after having alluded to evidence of good character and charged properly as to the effect such proof might have, in winding up the subject of good character by saying: "If, however, the guilt of defendant is plainly proved to your satisfaction, it will be your duty to convict notwithstanding proof of good character," such remark being gratuitous, unnecessary, argumentative and hurtful to the defendant.

THOS. W. LATHAM, J. H. LONGINO, W. Y. ATKINSON and ARNOLD & ARNOLD, for plaintiff in error.

F. M. O'BRYAN, solicitor, and ROSSER & CARTER, *contra.*

SIMMONS, Justice.

The accusation against Hathcock contained two counts. The first was that Hathcock was guilty of the offence of misdemeanor, "in that said Hathcock, in Fulton county, on or about May 23, 1889, did, by false and fraudulent representations as to his own responsibility, wealth and commercial standing, cheat and defraud A. P. Morgan out of certain merchandise to the value of $921.35, to wit: The said W. M. Hathcock represented to said Morgan that he, Hathcock, was the owner of a certain tract of land in Campbell county, Georgia, containing six hundred acres, and also was the sole owner of two certain mills in his own right and title, and upon these representations induced Morgan to ex-

tend to him credit for a lot of corn, bran, oats and hay to the said amount of $921.35, when in truth and in fact one of the mills did not belong to Hathcock and he had no title to it as he represented. Said Hathcock, by said false and fraudulent representations, induced said Morgan to part with his property as aforesaid, and thereby cheated and defrauded him out of the amount of $921.35; said Hathcock knowing at the time he made said representations that they were false and were made for the purpose of cheating and defrauding said Morgan as aforesaid, and did thereby cheat and defraud him." The second count (omitting the formal part) charged that Hathcock represented to Morgan that he was " perfectly solvent and responsible for his debts and was good for his obligations, and thereby induced the said Morgan to part with certain merchandise to the value of nine hundred and twenty-one and $\frac{35}{100}$ dollars, . . when in truth and fact the said Hathcock was then and there deeply insolvent, and he knew the same when he made the aforesaid false and fraudulent representations; and said false representations were made for the purpose of cheating and defrauding the said A. P. Morgan, and did thereby cheat and defraud him as aforesaid. The said A. P. Morgan was induced to extend credit to the said Hathcock upon his false and fraudulent statements, believing at the time that they were true, but the said Hathcock, knowing that they were false and fraudulent, made the same for the purpose of cheating and defrauding, and thereby did cheat and defraud as aforesaid, contrary to law," etc.

The defendant demurred to the second count of the accusation on the ground that it set forth no offence under the laws of Georgia; the demurrer was overruled, and he excepted. A trial was had, and the defendant was convicted on the second count; and he moved in arrest of judgment on the ground taken in the de-

murrer, and also upon the ground that "he had been acquitted on the first count, and having been so acquitted, it was not lawful that he should be convicted on the second count, because the charges therein made were covered by the charge in the first count. If the representations stated in the second count were made, they were made at the time of the representations charged in the first count; and the charge in the second relates to and is covered by the transactions which relate to and are covered by the first count." This motion was also overruled. The defendant then made a motion for a new trial on the several grounds set out in the report, which was overruled, and he excepted.

1. Counsel for the plaintiff in error contended that the court erred in overruling his demurrer to the second count of the accusation, and in refusing to arrest the judgment entered thereon. He contended that the allegations in the second count were not sufficient in law to authorize a conviction. Our code, §4587, provides that "If any person by false representation of his own respectability, wealth, or mercantile correspondence and connections, shall obtain a credit and thereby defraud any person or persons of any money, goods, chattels," etc., such person, on conviction, shall be punished, etc. We think that where one person falsely represents to another that he is perfectly solvent and responsible for his debts, and is good for his obligations, and by means of such false representations obtains a credit and defrauds another of money or goods, such false representations are within the statute. A representation of solvency and ability to pay debts is a representation, to a certain extent, of his wealth. It is not necessary that he should represent that he is wealthy, before he can be indicted under this section. A representation of solvency is a declaration that he has property sufficient to pay all his debts and the one about to be incurred; and

when he adds thereto that he is responsible for his debts and good for his obligations, it emphasizes the representation, and is the more likely to deceive the creditor. If the representations thus made are fraudulent and the creditor is thereby defrauded, the person making them is guilty, under this section of the code. This is certainly in accordance with good morals, sound principle and right dealing between man and man. A man who has defrauded his neighbor by such false representations, and has obtained his goods and refused to pay for them, has no right to complain if he is adjudged guilty and punished for the fraudulent act. Clifford v. The State, 56 Ind. 245; Commonwealth v. Wallace, 114 Pa. St. 405.

2. Counsel for the plaintiff in error claimed that the court erred in not arresting the judgment, because the jury acquitted the defendant on the first count, and it being the same transaction, he was necessarily acquitted on the second. He cites on this point *Roberts* v. *The State*, 14 *Ga.* 8, and *Blair* v. *The State*, 81 *Ga.* 631 ; but it will be seen by reference to these cases that they refer to separate and independent trials on different indictments. Neither of the cases holds that where a person is tried at one time upon two counts of an indictment, an acquittal on one amounts to an acquittal on the other. On the contrary, the law is that where a trial is had at the same time on two counts of an indictment or accusation, a verdict of guilty on one count alone is an acquittal on the other, but such acquittal does not vitiate the conviction although both counts may relate to the same transaction.

3. It is also contended that the evidence showed that the representations were all made at the same time, that is, that the defendant said he had six hundred acres of land and two mills, and was perfectly solvent and responsible for his debts and good for his obligations,

v 88-7

and that the prosecutor testified that he gave him credit on the faith of all the representations and not one alone, and that inasmuch as the jury had found that the representations concerning the land and the mills were true, he could not be convicted where only one of the representations was false.   We think that where a person makes representations to another for the purpose of obtaining credit, and some of the representations are true and one of them is false, and he knows it to be false at the time, and the false one can be separated from those that are true, and it materially influenced the mind of the other party in giving credit, the false representation may be alleged alone in a second count of the indictment or accusation, and a conviction thereon will be upheld, although the other representations not false constituted a material part of the inducement on which the prosecutor gave the credit and parted with his goods.   On trials under this statute, it is not necessary, in order to sustain a conviction, to prove that all the representations were false.   If it were so, a conviction under the statute could rarely be had, because a person who intended to defraud another by false representations could always mix enough truth with the false to prevent a conviction.   2 Bish. Cr. L. §418 ; 2 Whart. Cr. L. §776 ; People *v*. Blanchard, 90 N. Y. 314; Beasley *v*. State, 59 Ala. 20.

4, 5. The bill of exceptions states that after the motion in arrest of judgment was overruled, the court sentenced the defendant to pay a fine of $1,000 or to be confined in the common jail of the county for a period of twelve months.   This sentence was excepted to on the ground that the punishment was excessive and unusual. In the 4th head-note above, we hold that where the fruits of a criminal fraud amounted to more than nine hundred dollars, a fine of one thousand dollars is not an excessive or unusual punishment.   But while that

may be true as to the fine imposed, the bill of exceptions certified to by the judge shows that the sentence was in the alternative,—either to pay a fine of $1,000 or be imprisoned twelve months in jail. The judge in passing sentence upon a criminal found guilty of a misdemeanor can if he chooses make the sentence in the alternative; but when he does so, his discretion as to imprisonment is limited by section 4705 of the code, which prescribes that punishment in the common jail shall not exceed six months. If, however, he simply puts a fine upon the criminal, it seems that he can enforce the payment of that fine by an unlimited imprisonment in jail; and in that event the imprisonment does not discharge the fine, although the judge or other competent authority may afterwards release the prisoner from jail. *Brock* v. *The State*, 22 *Ga.* 98 ; *McMeekin* v. *The State*, 48 *Ga.* 335 ; Church Hab. Corp. §308 ; Fisch *v.* Hayes, 6 Fed. Rep. 71. But inasmuch as this was an alternative sentence, and the imprisonment inflicted was not to enforce the payment of a fine, but as a punishment, the court exceeded its powers in respect to imprisonment in jail. Where the imprisonment is a part of the punishment and not to enforce a fine, six months in the common jail is the limit. We therefore direct that the judge modify the imprisonment part of the sentence so as not to exceed the limits authorized by the statute.

6. There were other grounds taken in the bill of exceptions and in the motion for a new trial, which are fully covered by the 6th, 7th, 8th, 9th, 10th, 11th and 12th head-notes, and we deem it unnecessary to elaborate them further. *Judgment affirmed, with direction.*