### 9347.  BRYANT *v.* THE STATE.

1. Any one who entices a child under the age of eighteen years away from the parent, against the will and without the consent of the latter, is guilty of a fraud against the parent, and has fraudulently enticed the child away, in violation of § 110 of the Penal Code (1910).  ·
2. The special grounds of the amendment to the motion for a new trial, not having been argued by counsel, are treated as abandoned.
3. The evidence authorized the verdict, and the court committed no ·error in overruling the motion for a new trial.

DECIDED JANUARY 22, 1918.

Indictment for kidnapping; from Dooly superior court—Judge Crum.  October 27, 1917.

*Jere M. Moore, C. B. Marshall,* for plaintiff in error.

*Joseph B. Wall, solicitor-general,* contra.

HARWELL, J. The evidence in this case shows that the prosecutor's son, at the time of his abduction by the defendant, was under eighteen years of age, and was living with, and under the parental control of, his father. The defendant, without the knowledge or consent of the father, approached the boy, told him to "come on up there to Reynolds [in another county] and work some, and said if he could go- up there and work some, he could get a dollar a day and board and feed." The defendant did not tell the boy that Wadley (for whom the defendant was employing hands) would pay him a dollar a day for his services, but told him that he "could get a dollar a day." The defendant again approached this boy and asked if he was going with him, and the boy answered in the affirmative. There were circumstances sufficient to show that the defendant knew the boy was living with his father and under his control. The defendant carried the boy to the defendant's home, where they spent the night, and on the following day he procured a car and carried this boy with other boys he had employed into an adjoining county. Here the child obtained employment from Wadley, who paid him seventy-five cents a day, and he remained there until his father discovered his whereabouts and sent for him.

Section 110 of the Penal Code (1910), under which this defendant was convicted, provides: "Any person who forcibly, maliciously, or fraudulently leads, takes or carries away, or decoys or entices away any child under the age of eighteen years from its parent or guardian, or against his will, or without his consent, is guilty of kidnapping." This section, it has been held, "provides for two cases—one where the child kidnapped has a parent or guardian, and the other where it has neither. In the latter case it must be forcibly, maliciously, or fraudulently led, taken, or carried, or decoyed or enticed away against its own will, and without its consent; in the former, if these things shall be done against the will and without the consent of the parent, irrespective of that of the child, this alone will complete the offense." *Gravett* v. *State*, 74 *Ga.* 191 (1); *Arrington* v. *State*, 3 *Ga. App.* 30 (59 S. E. 207). It will be noted, from a reading of the evidence in this case, set forth above, that it does not appear that any fraud was practiced by the defendant on the child to entice him away. However, we do not think it necessary that fraud be practiced on the child.

When the child is enticed away from the control and dominion of the father, against the will and without the consent of the father, such enticement is fraudulent. It deprives the father of the control which the law gives him over his child. The fraud, in other words, is in such cases practiced on the father, and not on the child, as in cases where the child has no father. In the *Gravett* case, supra, the court held that the trial judge properly charged that "the offense was complete if it was the purpose of the defendant fraudulently to deprive the parent, against his will and without his consent, of the dominion and custody of his child, and to substitute his own dominion, custody, and control over the child for that of the parent." As was said further in the case, the object of the statute is twofold, to protect not only the rights of parents and guardians, but also those of children. Hence, we think that where one entices a child away from the control of its father, without the consent and against the will of the latter, and deprives the father of the dominion, custody, and control of his child, the defendant has fraudulently enticed the child away from its parent, and is guilty of kidnapping. "It is sufficient to authorize the conviction of this offense, if it be shown that the child in question was decoyed or enticed away from parental control without the consent of the parent." *Arrington* v. *State,* supra. "Entice," as defined in that case, means "to draw on, by exciting hope and desire; to allure; to attract."

We think, therefore, that since the evidence in the present record shows that the child was under the age of eighteen, and was enticed away from his parent without the consent and against the will of the latter, the statute was violated. The jury recommended a misdemeanor punishment in this case, which was imposed by the trial court. This court will not interfere.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*