MELTON *v.* THE STATE.

RUSSELL, Chief Justice. 1. There being testimony which would authorize the conviction of the defendant of the offense of murder, it was not error for the court to give in charge the law as declared in the Code, §§ 26-1003, 26-1004, defining express and implied malice. *Harris* v. *State*, 178 *Ga.* 746 (174 S. E. 240).

2. The judge, in a note to the motion for new trial, having certified that "The attorneys for the defendant requested in writing the court to charge on involuntary manslaughter in the language contained in the charge on the subject of involuntary manslaughter, part of which charge is excepted to," did not err in overruling the ground of the motion wherein error was assigned on the failure to give instruction on the subject of involuntary manslaughter, additional to that contained in the requested charge.

3. The jury having found the defendant guilty of murder, any inaccuracy in the court's charge as to the punishment for the crime of involuntary manslaughter was harmless.

4. The jury were authorized to find, under the evidence, that the defendant, who was a prisoner in the jail of which the deceased was acting as caretaker, enticed the deceased into his cell for the purpose of making repairs to a toilet, and there assaulted him and rendered him insensible and unconscious, and in such condition tied his feet together and his hands behind him, and placed a gag in his mouth, and tightly wrapped around his head a closely woven, doubled wool blanket, thus producing his death by smothering, and then placed his body on a bunk in the cell before leaving the scene of the homicide. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 12390. SEPTEMBER 16, 1938.

662

*Douglas Hereford, Wright Izlar,* and *John L. Youngblood,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John S. Gibson, solicitor-general, G. R. Gowen, A. S. McQueen, E. J. Clower,* and *Ellis G. Arnall,* contra.