### 31319. HILL *v*. THE STATE.

GARDNER, J. 1. This is a case where the defendant was convicted of kidnapping a child, under the Code, § 26-1602. The child was a 14-year-old· school girl, the defendant was a married man 35 years old. The jury were authorized to find, under the State's evidence, that the defendant, without the consent of the mother or the father of the child, enticed the child away. He stealthily carried her to several places within this State, where he introduced her as his wife and had illicit relations with her.

The evidence as to the defendant's conduct in enticing the child away, and his relations with her thereafter, is sordid and makes out an aggravated case. The general grounds are not argued further than to state that the defendant insists on them and that the child went of her own accord. The jury believed differently and the evidence overwhelmingly sustains their view. They were authorized to find that the defendant fraudulently inveigled the child away by promising to marry her when he obtained a divorce. Therefore the principle of law set forth in *Hendon* v. *State*, 10 *Ga. App.* 78 (72 S. E. 522), cited by the defendant, has no application under the facts of this case.

2. The defendant added to the general grounds two special grounds. (a) Special ground 1 complains of the following charge of the court: "Under the laws of this State, gentlemen, the defendant has a right to make to the court and jury such statement in his own behalf as he sees fit. The defendant's statement is not under oath; it is not subject to cross-examination; neither is the defendant's statement brought out by the examination of his own counsel, and you are authorized to give to the defendant's statement just such weight and credit only as you think the statement is entitled to receive. You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case.

"You are made by law, gentlemen, the exclusive judges as to the credibility of the witnesses. In passing upon their credibility, you may consider all the facts and circumstances of the case, the witness' manner of testifying, their intelligence or lack of intelligence, their bias or prejudice, if any exists, their interest or want of interest in the result of the case, their means and opportunity for knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of the testimony. and of the occurrence to which they testify, and also their personal credibility, so far as the same may legitimately appear from the trial of the case.

"If upon the consideration of the evidence in the case, gentlemen, you find

that there is a conflict in the testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness, and without imputing a false statement to the defendant. If you can not do that, then it becomes your duty to believe that witness or witnesses you may think best entitled to belief; and you may consider their interest or want of interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts they testify about, and the personal credibility of the witnesses, so far as same may legitimately appear from the trial of the case; but the jury, as stated, are at last the sole and exclusive judges of what witnesses they will believe or disbelieve, and what testimony they will credit or discredit, and what weight and force they will give to the statement of the defendant."

Error is assigned on this charge, in that: (1) it failed to instruct the jury that they might believe the defendant's statement in part or in whole in preference to the sworn testimony; and (2) it was confusing and misleading to the jury and prejudicial to the defendant. The court fully instructed the jury as to the law governing the statement of a defendant. We think that the charge was accurate, clear, and more favorable to the defendant than the law requires. Neither was it calculated to confuse or mislead the jury, nor to prejudice the jury against the defendant beyond his reprehensible conduct, as revealed by the evidence, warranted. There is no merit in this contention.

(b) Special ground 2 assigns error, because the court charged, "A verdict of not guilty would mean that the defendant stands absolutely acquitted and discharged of any offense at all." Error is assigned on this excerpt: (1) in that it inferred that the defendant could not be convicted of any offense growing out of the transaction, whereas the evidence clearly made out a case of fornication and adultery; and (2) because the charge was superfluous, confusing and misleading. It is always permissible, if not the duty, of the trial judge to instruct the jury as to the effect of a verdict. Guilty or not guilty of kidnapping were the only two possible verdicts which could have been returned by the jury under the indictment. The offense of fornication and adultery in some other jurisdiction, and at some other time, was not involved under the record of this case. This ground has no merit.

The judge did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 12, 1946.

*Thomas E. Miller,* for plaintiff in error.

*H. W. Nelson, Solicitor-General, S. B. McCall,* contra.