41602.   SAWYER v. THE STATE.

SUBMITTED NOVEMBER 2, 1965—DECIDED JANUARY 10, 1966.

*E. G. Kimsey, Jr., A. L. Haden, Jr.,* for appellant.

*W. B. Skipworth, Solicitor General,* for appellee.

EBERHARDT, Judge. ■ There was no motion for mistrial on account of the remarks of the court in connection with the over-ruling of the motion for a directed verdict of not guilty, and thus the exception as to them raises no question for decision. *Morris v. State,* 185 Ga. 67 (194 SE 214).

■ ■ In his notice of appeal the defendant specified that the transcript of the evidence should be omitted from the record to be sent up. However, no determination could be made of whether portions of the charge complained about were error without the benefit of the transcript. Accordingly, we ordered it sent up, as we are authorized to do under § 13 (b) of the Appellate Practice Act of 1965. And see *White v. Aiken,* 197 Ga. 29 (1b) (28 SE2d 263).

Moreover, the defendant, who appeals by pauper affidavit, is entitled to have the transcript provided, if needed, for a con-

sideration of the errors alleged. Griffin v. Illinois, 351 U.S. 12 (76 SC 585, 100 LE 891); Warden v. Brown, 372 U.S. 477 (83 SC 768, 9 LE2d 892); Draper v. Washington, 372 U.S. 487 (83 SC 774, 9 LE2d 899); Hardy v. United States, 375 U.S. 277 (84 SC 424, 11 LE2d 331). The offense under Code § 26-1602 is a felony, and it is required that the evidence be reported. Code § 27-2401.

In the charge the court instructed the jury as to the elements of the offense for which the defendant was being tried, and in that connection instructed that "in this case the consent of the parent or guardian must be secured irrespective of the consent of the child. The consent of the child, Barbara Joan Smith, if she was of the age of sixteen years, as alleged in the indictment, would not excuse this defendant. Gentlemen, in this class of cases now being tried—this class of case—if you find this defendant took this child away without the consent of the parent, the crime is against the right of the parent or guardian of the child named in the indictment and not against the child . . . should you find beyond a reasonable doubt that the defendant carried the child named in this indictment to any place without the consent of the child's parent or guardian . . . you would be authorized to convict this defendant even though you should believe the child, Barbara Joan Smith, was the instigator of said carrying away . . . ."

The evidence disclosed that the child was sixteen years of age during the period when the occasions of carrying her away from the school and from her home took place. Defendant contends that she was thus above the age of discretion and that if she consented to or was the instigator of the carrying away he could not be guilty of the offense charged, citing *Hendon v. State,* 10 Ga. App. 78 (72 SE 522). In *Hendon* it was held that "Where the child alleged to have been inveigled is above the age of discretion, though under the age of 18, these elements are not sufficiently made out by showing that the child went away in company with the defendant, especially where the State's own evidence shows that the child went of its own free will and accord . . . ." but that holding is in direct conflict with the unambiguous provisions of *Code* § 26-1602 and with

the holdings of the Supreme Court in *Gravett v. State*, 74 Ga. 191; *Thweatt v. State*, 74 Ga. 821; and *Sutton v. State*, 122 Ga. 158 (50 SE 60). Accordingly, the holding of *Hendon* cannot be followed. We are bound by the provisions of the Code section and the rulings of the Supreme Court. These have been followed, and the true rule was announced in *Arrington v. State*, 3 Ga. App. 30 (59 SE 207); *Bryant v. State*, 21 Ga. App. 668 (94 SE 856); *Summer v. State*, 55 Ga. App. 185 (189 SE 687); *Hill v. State*, 74 Ga. App. 235 (39 SE2d 447), and *Le Croy v. State*, 77 Ga. App. 851 (50 SE2d 148). In *Boatright v. State*, 57 Ga. App. 193 (194 SE 837), where the child had neither parent nor guardian, it was held that the crime was against the child and a necessary element of the offense in that event would be lack of its consent.

The General Assembly, in adopting this Code section, declared the public policy of this State on the matter. If that has changed by reason of modern customs and ideas of living, then the remedy lies in a changing of the Code section. We have no right or power to do it. We may observe, however, that with the ever increasing rate of juvenile delinquency in this country the policy declared in adopting the Code section may not be out of keeping with the needs of these times. Parents who strive to give their children a proper upbringing by providing a wholesome environment during their juvenile years, and who try to keep them in school to acquire the sorely needed education for meeting the needs of these days should be afforded not only the encouragement, but also the help of the law in accomplishing it. Even though this child may have foolishly called the defendant or sent him messages, as she and he testified, arranging trysts by which he would take her away from school where her parents had placed her in accordance with the requirements of law, he cannot be excused on that ground, and particularly when, as here, he had been directed by the parents to desist and to leave the child alone. We find no error in this portion of the charge.

■ It is conceded by the State that the judge wrongfully informed the jury, in response to an inquiry during deliberations, as to the punishment that could be imposed for a mis-

demeanor when he stated it in terms of the law as it existed prior to the Act of 1964 (Ga. L. 1964, p. 485) amending *Code* § 27-2506. Since, however, the determination of what punishment is to be imposed in honoring a recommendation of punishment as for a misdemeanor in connection with a felony conviction is exclusively for the court and is not within the province of the jury, (the punishment for a misdemeanor, whether under the law as it existed before or after the Act of 1964, being less than the minimum for the felony), the error is harmless. Cf. *Melton v. State,* 186 Ga. 660 (3) (198 SE 695). No basis for the granting of a new trial appears unless there is harm as well as error. *Williams v. State,* 180 Ga. 595 (3) (180 SE 101); *Kimball v. State,* 63 Ga. App. 183, 187 (9) (10 SE2d 240).

■ The court, accepting the recommendation that the defendant be punished as for a misdemeanor, imposed a sentence which was not altogether in conformity with the provisions of the Act of 1964, but this is not ground for granting a new trial. However, the defendant is entitled to have sentence imposed in accordance with the statute, and thus we affirm and remand with direction that the court proceed to re-sentence him in a manner that accords with the Act of 1964, amending *Code* § 27-2506. See *Hathcock v. State,* 88 Ga. 91 (5) (13 SE 959); *Roper v. Mallard,* 193 Ga. 684 (1) (19 SE2d 525); *Davis v. State,* 30 Ga. App. 183 (117 SE 267); *King v. State,* 103 Ga. App. 272 (3) (119 SE2d 77), and citations.

*Judgment affirmed with direction. Nichols, P. J., and Pannell, J., concur.*