### 793. ARRINGTON *v.* THE STATE.

1. In an indictment for inveigling children, under the Penal Code, § 110, where it is alleged that the defendant "did fraudulently, maliciously, and forcibly lead, take, and carry away, and did entice and decoy away one Marshall Adams, a boy child under the age of eighteen years, from his parents and against the will of his parents," it is unnecessary to state the names of the parents of the child said to have been kidnapped, or the name of the father.

2. The offense charged in the Penal Code, § 110, is complete if it be shown that the accused fraudulently decoyed or enticed away a child under the age of eighteen years, against the will of both of his parents and without the consent of either of such parents, even though it be not shown that the accused either forcibly or maliciously did lead, take, or carry away the child in question. It is sufficient, to authorize conviction of this offense, if it be shown that the child in question was decoyed or enticed away from parental control without the consent of the parent.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

Indictment for kidnapping, from Jefferson superior court—Judge Holden. September 27, 1907.

Submitted November 11,—Decided November 14, 1907.

*R. N. Hardeman, James K. Hines,* for plaintiff in error.

*Alfred Herrington, solicitor-general,* contra.

RUSSELL, J. The plaintiff in error was convicted of the offense of kidnapping. Three errors are assigned: the overruling of a demurrer; a portion of the charge of the court; and that the verdict was contrary to law, because unsupported by the evidence.

1. There was no error in overruling the demurrer, which was based on the ground that the indictment did not set out the names of the parents of the boy alleged to have been kidnapped, nor distinctly allege that the boy was enticed and decoyed away against

the will of his father, and that the name of his father is not set out in the indictment. Section 110 of the Penal Code, as was held in *Gravett* v. *State*, 74 *Ga.* 195, provides for two cases,—one where the child kidnapped has a parent or guardian, and the other where it has neither. In the former case, if the child is forcibly, maliciously, and fraudulently led, taken, or carried away, or is enticed away against the will or without the consent of the parent or guardian, irrespective of that of the child, this alone would complete the offense. "The purpose of the statute is two-fold. Its object is to protect not only the rights of parents and guardians, but also those of children." By this indictment it is plainly shown that the child in question did not belong to the class who have neither parent nor guardian, but that he had living parents. The offense is charged in the terms and language of the code, and so plainly that the nature of the offense can be easily understood by the jury. This is all the law requires. "The law does not require the evidence to be set out in the indictment." *Dowda* v. *State*, 74 *Ga.* 15. In *Pruitt* v. *State*, 102 *Ga.* 688 (20 S. E. 437), it is true, the indictment gave the names of the parents and alleged that the abduction was without their consent. In that case it was held that it was unnecessary to negative the consent of the guardian, or to allege that there was no guardian, by reason of the fact that the father was stated to be in life, and therefore the legal presumption was that the control of the child had not passed from the guardian to the father. The rule for determining the validity of an indictment, as held by Judge Bleckley in *Newman* v. *State*, 63 *Ga.* 534, is: "If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." By demurrer the defendant admitted that the boy, Marshall Adams, whom he was alleged to have inveigled away, had living parents, and the court judicially knew that these could consist of but two persons. It was alleged that he was enticed and decoyed away against the will of these parents; and while it would have been sufficient to have alleged that he was enticed and decoyed away against the will of the father, the inclusion of the father in the term "parents" in no wise affects the validity of the indictment. As the boy could have but two

parents, the defendant was as well advised as to their identity as if the names had been given. The statement that the 'inveigling was against the will of his parents was sufficient, as stated above, because the term "parents" necessarily included the father. The use of the word "parents" only imposed upon the State the additional burden of proving that the abduction was against the will of the mother as well as of the father.

2. The charge to which exception was taken is as follows: "I charge you that if the defendant did not forcibly or maliciously or fraudulently lead, take, and carry away Marshall Adams from his parents in this county, against the will of both of them and without the consent of either of them, and did not fraudulently decoy or entice away Marshall Adams from his parents in this county, against the will of both of them and without the consent of either of them, he could not be convicted of any offense, and should be acquitted." There is no sufficient assignment of error in the record to enable us to discover the specific error complained of, inasmuch as the court seems to have charged the jury exactly what the plaintiff in error insists should have been charged. But in no view of the case is there any error in the portion of the charge to which exception is taken and which we have quoted.

3. It is insisted that the verdict of guilty is not authorized by the evidence. The testimony in behalf of the State shows that when the defendant first approached the boy, Marshall Adams, one afternoon and asked him how he would like to go off and take a trip somewhere, the boy told him he did not care anything about going. The defendant told him, if he would go with him, he would pay all of his expenses, railroad fare, etc., and give him anything in the world he wanted. The defendant kept on after the boy about going, until night, and the boy still insisted that he did not care to go. The next morning the defendant went early to the boy's home and repeated his promises of the evening before, and "overpersuaded" him, so that at last the boy told him he would go; and he went with the defendant. There was evidence in the case which would have authorized the acquittal of the defendant, but as the truth of the transaction is for the determination of the jury, the only question presented to us is whether the testimony for the State authorized a conviction. The offense defined in section 110 of the Penal Code can be committed in several different ways..

It can not only be subdivided, in the manner to which we have already referred, as being applicable to, or with reference to, children who have neither parent nor guardian, as well as to those who have one or the other, but the offense can be committed in either event either by forcibly or maliciously or fraudulently leading, taking, or carrying away a child under the age of eighteen years, or by decoying or enticing away such child. Where a child is forcibly or maliciously taken or carried away, the crime is complete, if it be against the will or without the consent of the parent or guardian or of the child itself. Where the child is fraudulently decoyed or enticed away, and has either parent or guardian who is entitled to his legal custody and control, the offense is complete if the decoying or enticing from such parent or guardian be without the consent or against the will of such parent or guardian. If a child be fraudulently decoyed or enticed away from its parent without the consent or against the will of the parent, it is not necessary to show that either force or malice entered into the transaction. The parental control has been wrongfully attacked and abrogated, though the child may have been willing to go away without the necessity for the use of force, and where the accused had no ill will whatever against either parent or child. The evidence in this case, it is true, showed no force and no malice, but we think it authorized the conclusion on the part of the jury that this young boy of fifteen years of age (if his testimony was true) was decoyed and enticed away from his parents against their will and without their consent. The word "decoy," as defined by Webster, means "to lead into danger by artifice; to allure into a net or snare; to entrap; to ensnare; to allure; to entice." As it is used in the code section with the word *entice,* its meaning there is of course qualified by and partakes of the meaning of *that* word. But if the conviction had to depend upon the word "decoy" alone, we should still think that the conviction was authorized, if the defendant carried the boy away without the consent and against the will of his parents, and substituted *his* control for that of the parents; for the boy's tender years would most likely lead him into danger, lure him into snares, and entrap him in the meshes of vice and crime, when deprived of that parental care, tenderness, and oversight, which the laws of God and man provide for his protection,

3

and the only hand authorized to control the child has been paralyzed by the artifice of the defendant. There can be no question that such a picture as was drawn by the defendant, of having all his expenses paid, getting anything in the world he wanted, would come within the definition of the word "entice." Entice means to draw on, by exciting hope and desire; to allure; to attract. Nothing could be more alluring to the minds of some boys fifteen years of age than the hope of taking a free trip to sections with regard to which their curiosity has been aroused, and of gratifying their desire to have a good time in preference to sharing the cares, ofttimes monotonous, which burden them at home. Certainly the law was meant to cover such cases as this. And while the penalty for such an infraction of the statute should be much milder than for such a crime as *Gravett's* case, still that is a matter of judicial discretion, not legally reviewable unless the statutory penalty be exceeded.        *Judgment affirmed.*