## 64326. COKER v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury on a five-count indictment. The crimes charged were: Kidnapping; enticing a child for indecent purposes; child molestation; statutory rape; and, rape. At the close of the state's evidence, the trial court directed a verdict of acquittal as to the rape count. The jury returned a verdict finding appellant guilty of the remaining four crimes. He appeals from the judgments of conviction and sentences.

1. The general grounds are enumerated as to each crime. The evidence, construed most strongly in support of the verdict, would authorize the following findings: Appellant, thirty-five years old, met the thirteen-year-old girl at a carwash and asked her for a date. She declined, telling appellant that, at thirteen, she "was too young to date." For some reason, the child apparently also thought that appellant might be her father, having only recently learned that her adoptive father was not her natural parent. Subsequent to this initial meeting, the child and her sixteen-year-old aunt encountered appellant in a local shopping center. At this meeting, appellant asked the child for her telephone number. Also thinking that appellant might be the child's father, her aunt wrote down the telephone number and gave it to appellant. Appellant called the child that night and asked if she "was going to get to come back to town." The child told him no. A few days later, he called back. During this conversation, appellant arranged to pick the child up at her school "and go riding around." The next morning, appellant drove to the child's school and she got into his car. Appellant took the child to his house and, apparently with her consent, had sexual intercourse with her.

On this evidence, appellant attacks his conviction for kidnapping solely on the ground that the child willingly left the school grounds, entered his car and went with him to his house. The relevant statute, Code Ann. § 26-1311 (b), provides: "A person over the age of 17 commits kidnapping when he forcibly, maliciously, or fraudulently leads, takes, or carries away, or decoys or entices away, any child under the age of 16 years against the will of the child's parents or other person having lawful custody." The indictment alleged that appellant had violated this statute by "maliciously"

enticing the child away "against the will of her parents . . ." The evidence clearly authorizes a finding that appellant did maliciously entice the child away from school for the purpose of engaging in sexual intercourse with her. The evidence also authorizes a finding that this was accomplished against the will of the child's parents. That the child herself may having willingly allowed herself to be enticed is of no consequence. "The parental control has been wrongfully attacked and abrogated, though the child may have been willing to go away without the necessity for the use of force. . . ." *Arrington v. State,* 3 Ga. App. 30, 33 (59 SE 207) (1907). The evidence was sufficient to authorize the verdict of guilty of kidnapping. See *Tant v. State,* 158 Ga. App. 624 (1) (281 SE2d 357) (1981).

With regard to the crime of statutory rape, contrary to appellant's assertions on appeal, the child's testimony was sufficiently corroborated. See generally *Jackson v. State,* 230 Ga. 35 (195 SE2d 409) (1973).

Appellant contends that the child's consent to sexual intercourse precludes a conviction for child molestation. "A person commits child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Code Ann. § 26-2019. "Together, Code Ann. §§ 26-2018 [statutory rape], 26-2019 [child molestation] and 26-2020 [enticing a child for indecent purposes] provide a general statutory scheme giving protection to both male and female children under the age of fourteen . . ." *Barnes v. State,* 244 Ga. 302, 305 (260 SE2d 40) (1979). "A female under 14 years of age is legally incapable of giving consent." *Drake v. State,* 239 Ga. 232, 233 (236 SE2d 748) (1977). Accordingly, as with the crime of statutory rape, we hold that "[c]onsiderations of 'consent' and 'force' and 'against her will' are irrelevant" in a child molestation case. *Drake,* 239 Ga. at 234, supra. The evidence authorized a verdict of guilty of child molestation.

Likewise, the child's consent would not vitiate appellant's conviction for violating Code Ann. § 26-2020. That statute provides: "A person commits enticing a child for indecent purposes when he solicits, entices, or takes any child under the age of 14 to any place whatsoever for the purpose of child molestation or indecent acts . . ." As discussed above, Code Ann. § 26-2020 is part of "a general statutory scheme" to protect underage children regardless of their "consent" to the prohibited act. The evidence would clearly authorize a finding that appellant, through his attention and telephone calls, solicited and enticed the child — known to appellant to be thirteen years old — into leaving the school grounds and going to his house for sex. See *Peavy v. State,* 159 Ga. App. 280, 281 (1a) (283

SE2d 346) (1981). "Entice means to draw on, by exciting hope and desire; to allure; to attract." *Arrington,* 3 Ga. App. at 34, supra. The evidence in the instant case authorized the guilty verdict as to Code Ann. § 26-2020. *Roman v. State,* 155 Ga. App. 355, 356 (4) (271 SE2d 21) (1980). Compare *Sanders v. State,* 145 Ga. App. 73 (243 SE2d 274) (1978).

After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of the four crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant urges that the crimes of kidnapping and of enticing a child for indecent purposes merged as a matter of fact and that the trial court erred in sentencing him for both crimes. "Code Ann. §§ 26-505 and 26-506, . . ., [require] that although a defendant may be *prosecuted* for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law *or* fact. [Cits.]" *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918) (1977).

As discussed above, the crime of kidnapping was, in the instant case, against the rights of the child's parents. *Arrington,* 3 Ga. App. 30, supra; *Sawyer v. State,* 112 Ga. App. 885 (2b) (147 SE2d 60) (1966). The crime of enticement, on the other hand, was against the child herself, who was legally incapable of giving consent to appellant's actions. *Barnes,* 244 Ga. 302, supra. "Each offense clearly has elements not contained in the other and the laws were obviously designed to prohibit two evils and to protect two values . . . Thus, it is plain that one offense cannot be 'established by proof of the same or less than all the facts or a less culpable mental state' of the other so as to be included in one another and merge as a matter of fact under Code Ann. § 26-505 (a). [Cits.]" *Peavy,* 159 Ga. App. at 284, supra.

3. Appellant asserts that the crime of child molestation merged with the crime of statutory rape. "An accused may be prosecuted for both rape and child molestation based upon the same conduct, but he may not be convicted of both. [Cits.]" *Lamar v. State,* 243 Ga. 401, 403 (254 SE2d 353) (1979). Accordingly, we hold that the conviction for child molestation merged into the crime of statutory rape and the conviction and sentence for the former crime must be reversed. Cf. *Lamar,* 243 Ga. at 402 (3), supra. See also *McCranie v. State,* 157 Ga. App. 110 (276 SE2d 263) (1981).

4. The crime of enticing a child for indecent purposes is not included in the crime of statutory rape. Cf. *Dennis v. State,* 158 Ga. App. 142 (2) (279 SE2d 275) (1981).

5. Appellant enumerates as error the denial of his motion to suppress evidence obtained after officers, acting without a warrant,

broke into his house and, finding the child inside, arrested him. "It is elementary that probable cause, however well founded, can provide no jurisdiction for a warrantless intrusion of a person's home absent a showing 'that the exigencies of the situation made that course imperative.' [Cits.]" *Clare v. State,* 135 Ga. App. 281, 284 (217 SE2d 638) (1975). The officers in the instant case clearly had probable cause to believe that appellant "had or [was] committing an offense. [Cit.]" *Cuevas v. State,* 151 Ga. App. 605, 608 (260 SE2d 737) (1979). The officers had a report that an automobile bearing license plates issued to appellant had been observed on the school grounds and that an unidentified young girl had been driven off in that vehicle. The description of the driver matched appellant. Appellant had a history of prior sexual indiscretions with young girls. It was then determined that appellant's vehicle was parked in the driveway of his house. Knocks on the door to appellant's house went unanswered. School books and materials bearing the name of the child were discovered in plain view in appellant's car. It was then determined that the child to whom the school books and materials belonged was not in school. The child's father was contacted and he advised that she was thirteen years old and that she should be in school, not with appellant. Thus, under these facts and circumstances, the officers had probable cause to believe that appellant had taken a thirteen-year-old girl from the school premises without her father's knowledge and consent.

As noted above, however, probable cause to believe that appellant had or was committing an offense standing alone does not authorize a warrantless search of his dwelling. " '[A]bsent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant.' [Cit.]" *Thompson v. State,* 248 Ga. 343 (283 SE2d 266) (1981). However, an exigent circumstance which does justify the warrantless entry of a private home is the officer's reasonable belief that such action is a necessary response on his part to an emergency situation. "[T]he law has traditionally upheld [prompt inspections, even without a warrant,] in emergency situations." Camara v. Municipal Court, 387 U. S. 523, 539 (87 SC 1727, 18 LE2d 930) (1967). Such exigent emergency circumstances existed in the instant case. The police officers certainly had reason to believe that appellant and the child were in the house and, when their knocks went unanswered, to fear for the safety of the child. Under these circumstances, it was not unreasonable to enter the house. " 'We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of

immediate aid.' " *Gilreath v. State,* 247 Ga. 814, 820 (279 SE2d 650) (1981). See generally People v. Payne, 135 Cal. Rptr. 480 (Ct. of Apps. Calif. 1977).

It was not error to deny appellant's motion to suppress.

6. For the reasons discussed in Division 3, the judgment as to the child molestation count is reversed with direction that the conviction and sentence therefor be set aside. The judgments of conviction and sentences as to the remaining three counts are affirmed. See generally *Roberts v. State,* 228 Ga. 298 (185 SE2d 385) (1971); *Johnson v. State,* 130 Ga. App. 134 (202 SE2d 525) (1973).

*Judgments affirmed in part and reversed with direction in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 4, 1982 —
REHEARING DENIED NOVEMBER 23, 1982 —

*Walter M. Henritze, Jr., John R. Hesmer, Donald F. Samuel,* for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.