A91A0985. OTWELL v. THE STATE.
(410 SE2d 178)

BEASLEY, Judge.

Otwell was indicted on four counts of theft by receiving stolen property, OCGA § 16-8-7 (a). The first involved a number of electronic items belonging to one Nichols and seized at Otwell's residence on March 2, 1990; the remaining counts were for property seized at the residence on March 15. Otwell unsuccessfully moved to suppress evidence of the property from both seizures and a jury found him guilty of count one only. His motion for new trial was denied.

Otwell's sole contention is that the trial court erred in denying suppression of the property taken on March 2. (No challenge is made to the search on March 15.) The court concluded that the warrantless seizure was either incident to a lawful arrest or to a consent to search. The argument is that the initial seizure was unlawful under the Fourth Amendment as the fruit of a nonconsensual warrantless search under *Steagald v. United States*, 451 U. S. 204 (101 SC 1642, 68 LE2d 38) (1981). The State Constitution is not involved. See *Smith v. State*, 186 Ga. App. 303, 309 (3) (367 SE2d 573) (1988).

"On appeal, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted unless clearly erroneous." *Muff v. State*, 254 Ga. 45, 48 (2) (b) (326 SE2d 454) (1985). But this Court is at liberty to take into account the evidence at trial as well as the evidence at the motion hearing in determining whether or not the motion to suppress was properly denied. *Newsome v. State*, 192 Ga. App. 846, 847 (1) (386 SE2d 887) (1989). See also *O'Donnell v. State*, 200 Ga. App. 829 (1) (409 SE2d 579) (1991).

In this case, the trial court conducted a full pre-trial hearing on the motion at which appellant and two of the police investigators tes-

tified. There was significant disparity among the witnesses' versions of the circumstances of the March 2 seizure both at the motion hearing and at trial. However, even the version of the evidence most favorable to the State mandates the conclusion that the State did not carry its burden of showing the legality of the warrantless search and seizure. *State v. Slaughter*, 252 Ga. 435, 436 (315 SE2d 865) (1984).

DeKalb County police contacted Gwinnett County police to request assistance in executing an arrest warrant for burglary on appellant's brother. DeKalb had received a tip from the brother's ex-wife that she had just seen her ex-husband at a duplex in Gwinnett County. The officers arrived at the duplex at approximately 1:00 a.m. on March 2. An officer was stationed at the rear entrance while the remaining three or four officers went to the front door. The only evidence which the State presented as to how they gained entry was the testimony of one of the officers during the trial and is as follows:

"[We] walked here to the front door, and knocked on this door right here. Q. How many officers were with you when you knocked on the door? A. Let's see — two, three — three, I'm sorry — Q. Okay. When you knocked on the door what happened next? A. Well, we knocked on the door and we identified ourselves as Gwinnett County Police Officers, and the gentleman came to the door. If I am not mistaken it was a female that came to the door. And we asked for Sam Otwell — if Sam Otwell was at the address — Q. They opened the door for you? A. Yes. Q. And who did you ask if Sam Otwell was at the residence? A. If I'm not mistaken it was him or the female that we asked was he here, and shortly after he came to the front door while we were standing there. Q. All right. And he identified himself as Sam Otwell? A. Yes, sir. Q. And did you place him under arrest at that time? A. Well, we walked into the residence and we explained the situation to them that we had received information from DeKalb County Police Department that we had an arrest warrant for him for his arrest. Q. All right. So you got into the apartment and after you had already been identified — A. Yes. Q. And you and how many officers were in the residence at that time? A. At that time there were three of us in the residence." There was a hallway and the officers went with the occupants into the living room, where appellant's brother Sam was taken into custody. One of the officers, who was a burglary investigator, noticed an answering machine with missing or scratched out serial numbers lying upside down on the floor. From that point transpired the seizing of the items listed in count one and the arrest of appellant. Appellant disputed the method of entry and testified at the suppression hearing that his brother went to the door when a knock was heard and "about four or five police officers just kicked it in and threw him on the floor and threw me on the floor. . . ." Nothing in this evidence would support a finding of con-

sent.

It is undisputed that the entered and searched residence was that of appellant. Therefore, the threshold inquiry is whether or not the arrest warrant for appellant's brother provided the officers with legal entry into the duplex for the purposes of the search and seizure on March 2. *Steagald*, supra, held that an arrest warrant as opposed to a search warrant is inadequate to protect the Fourth Amendment interests of persons not named in the warrant, when their homes are searched without their consent and in the absence of exigent circumstances. The Supreme Court noted that "Whatever practical problems [in requiring a search warrant in such cases] cannot outweigh the constitutional interests at stake . . . [T]he right protected — that of presumptively innocent people to be secure in their homes from unjustified, forcible intrusions by the Government — is weighty." *Steagald*, supra, 451 U. S. at 222.

There were no exigent circumstances shown here. See *Steagald*, supra, 451 U. S. at 221. Nor was there any evidence whatsoever that appellant consented in any manner to the officers' entry of his home. The best that can be said is that the officers merely walked in without seeking permission. Such unconsented-to entry without a search warrant violated the Fourth Amendment, as the Supreme Court concluded in *Steagald*. Therefore, the search and seizure which followed on that occasion cannot be sustained. The trial court erred in ruling that the March 2 search was valid and in refusing to suppress the seized items and evidence of the search.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Clark & McLaughlin, Michael C. Clark, Leslie J. Cardin*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.