A92A0697. LATIMER v. THE STATE.
(420 SE2d 91)

SOGNIER, Chief Judge

Keith John Latimer was indicted and charged with possession of LSD and marijuana with intent to distribute, OCGA § 16-13-30 (b), possession of a firearm during commission of a felony, OCGA § 16-11-106, reckless conduct, OCGA § 16-5-60, and discharging a firearm

near a public highway or street, OCGA § 16-11-103. A jury found him guilty of the drug charges and the charge of reckless conduct and acquitted him on the other two charges. He appeals, contending error in the trial court's denial of his motion to suppress evidence.

The evidence adduced at the hearing on the motion authorized the trial court to conclude that in the early morning hours of October 12, 1990, Deputy T. D. Daughtery of the Cherokee County Sheriff's Office responded to a call reporting gunshots being fired, loud music being played, and a chain saw being run at an apartment complex. He was met at the complex by three other deputy sheriffs. Although they heard no shots or chain saw, Daughtery heard music and, tracing its source, he and the other officers knocked on the door of appellant's apartment. Appellant opened the door and allowed the officers into the apartment. Daughtery observed a chain saw in the living room and found it hot to his touch. Appellant told Daughtery he had been demonstrating to a friend, who was now in the bedroom, how to use the saw. While questioning appellant's friend Daughtery noticed an empty holster on a bedside table. Appellant's friend pointed out the .22 caliber pistol under the couch in the living room but denied firing it. The officers found empty .22 caliber casings on the balcony of the apartment. They seized the weapon and casings, arrested appellant and his friend, and placed them in Daughtery's patrol car.

As appellant and his friend were being placed in the patrol car, Lieutenant Roland Deal and Deputy Gerald McSwain of the Cherokee County Sheriff's Office arrived at the scene in response to the call. Daughtery had been unable to lock appellant's apartment without a key, and Deal testified he was there to secure the apartment until it could be locked, and "to . . . survey the damage to the apartment." McSwain, who was an undercover narcotics investigator at the time, testified that although he lived at the complex and had a key to every apartment because of his maintenance and security contract with the apartment management, he went to the scene upon hearing the call "just as the other officers did" because he felt the officers might be in danger and might need backup. He spoke briefly with Daughtery, heard there might be another weapon in the apartment, and ascended to the apartment in order to investigate.

He encountered Deal standing with his back to the open door of the apartment, and conversed with him briefly. Following this conversation, McSwain looked through the open door of the apartment and observed a hand-rolled cigarette, rolling papers, a set of forceps, and a partially burned hand-rolled cigarette on the coffee table in the living room. He then smelled a "very light odor" of marijuana. At that point, he locked the door and advised Deal that the apartment should be sealed, and left to obtain a search warrant. When the search warrant McSwain obtained was executed, 469 stamps containing LSD

and approximately 214 grams of marijuana were found secreted in the refrigerator.

1. Appellant contends Daughtery's original warrantless search of the apartment was improper. Appellant argues that although Daughtery had probable cause to believe appellant had committed misdemeanors, probable cause alone does not authorize a warrantless search of his dwelling, see *Coker v. State*, 164 Ga. App. 493, 496 (297 SE2d 68) (1982), and absent exigent circumstances, entry into a private dwelling to conduct a search or effect an arrest is unreasonable unless made pursuant to a warrant. Id. Appellant maintains that since the only charges Daughtery was contemplating lodging against appellant were reckless conduct and discharging a firearm near a public highway or street, and neither misdemeanor had been committed in the officers' presence, no exigent circumstances were present supporting a warrantless search. However, the officers' approach to appellant's apartment and knock on his door did not violate the Fourth Amendment, *Gilreath v. State*, 247 Ga. 814, 819 (279 SE2d 650) (1981), and it is uncontroverted that appellant voluntarily allowed the deputies to enter his apartment, making their intrusion into his apartment valid. See *Hall v. State*, 239 Ga. 832 (1) (238 SE2d 912) (1977). Once inside the apartment, the chain saw was in plain view. "When a police officer makes a 'valid intrusion' upon property and seizes contraband in plain view, 'there is in effect no search at all.' [Cit.] 'This holds true whether or not the officer expected or suspected that he would discover the object seized. [Cits.]' [Cit.]" *State v. Zackery*, 193 Ga. App. 319, 320 (387 SE2d 606) (1989). Moreover, appellant voluntarily conversed with the officers and pointed out his friend. When the officers approached appellant's friend, the empty holster was in plain view and the friend then pointed out the location of the missing gun. Since at that point the officers had probable cause to arrest appellant and his friend for committing the crimes they were investigating they also were authorized, incident to the arrest, to retrieve the gun both as evidence and to eliminate the possibility that it could be used against them. See generally *Lentile v. State*, 136 Ga. App. 611, 613 (222 SE2d 86) (1975). Accordingly, we find no error in the trial court's denial of appellant's motion to suppress this evidence. Id.

2. Appellant also maintains the trial court erred by denying his motion to suppress the evidence pertaining to the drug charges resulting from McSwain and Deal's intrusion into appellant's apartment after his arrest. Issuance of the search warrant was based on McSwain's observation of contraband in plain view and consequently depends upon McSwain's lawful right to have been in the apartment. See *State v. Aultman*, 160 Ga. App. 550, 551 (287 SE2d 580) (1981). Appellant argues that because he had been arrested and removed to the

patrol car and the investigation had been concluded, McSwain was not lawfully on the premises at the time he made the observation. We do not agree.

It is clear from McSwain's testimony that he observed contraband in plain view while talking with Deal at the doorway of the apartment. Although it is possible that McSwain may have been standing slightly over the threshold in the entry foyer, according to McSwain's testimony almost the entire apartment was visible from the doorway, and it is clear that he made no exploratory incursions into the apartment before seeing the contraband on the living room coffee table. Upon viewing the contraband, McSwain properly obtained a warrant to search the entire premises. Under these circumstances, if any slight entry took place, it was reasonable under the totality of the circumstances, given the officers' presence to protect and secure the apartment. See *Talley v. State*, 200 Ga. App. 442, 443-444 (3) (b) (408 SE2d 463) (1991).

We do not agree with appellant that inconsistencies in the testimonies of Daughtery, Deal, and McSwain regarding the reasons for their presence at appellant's apartment indicate that these reasons were pretextual. Rather, we agree with the trial court that such inconsistencies are not unusual given the nature of police work, where little opportunity exists for officers responding to a call "to stop and plan and say, 'okay, here's our situation; here's what we'll do next.' There are a lot of brief, short instructions or communications given that are subject to misunderstanding or misconstruing." The three officers may very well have understood several different reasons for remaining at the apartment.

Moreover, the possible presence of other motives for entering the apartment does not preclude the finding that an entry was objectively reasonable for a valid reason, see *Talley,* supra, and we have found that if a second entry was made into appellant's apartment it was lawful because the officers were present to secure appellant's apartment in his absence. See id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 23, 1992.

*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., A. Gregory Poole,* for appellant.

*Garry T. Moss, District Attorney, A. Gregory Hicks, Assistant District Attorney,* for appellee.