### A98A2106. OWENS v. THE STATE.
(512 SE2d 394)

BEASLEY, Presiding Judge.

After a bench trial on stipulated facts, Chablis Owens was found guilty and convicted of violating the Georgia Controlled Substances Act (OCGA § 16-13-30) for possession of less than one gram of cocaine. Owens appeals his conviction and the denial of his motion to suppress and motion in limine.

Acting on a complaint about drugs, three officers responded to a motel in DeKalb County and knocked on the door of the identified room. Owens' sister answered and stated the room was registered in her name. Owens was also there. The officers asked if they could see identification from both people. The woman cooperated, but Owens rapidly got up from the bed, went to a closet, and grabbed a large shoe box. He then turned his back and went into the bathroom out of view of the officers who were still standing outside the door. One officer entered the room a distance of about five feet and saw Owens put his hand in the box. The officer thought he was getting a gun and

asked Owens what he was doing. When he saw Owens take what appeared to be cocaine and drop it in the toilet, the officer tackled Owens and arrested him. Cocaine was found in the toilet. No gun was found but .22 caliber ammunition was in the shoe box.

The officer was permitted to knock on the door without an articulable suspicion, in order to investigate the report of a crime.[1] But the drugs were in plain view only after the officer stepped into the room. A police officer may only seize what is in plain sight if he is in a place where he is constitutionally entitled to be.[2]

A motel room "is accorded the same Fourth Amendment considerations as a private home."[3] "The U. S. Supreme Court has . . . held that even where probable cause exists, warrantless intrusion of a person's home is prohibited by the Fourth Amendment, absent consent or a showing of exigent circumstances. *Steagald v. United States*, 451 U. S. 204, 211 (III) (101 SC 1642, 68 LE2d 38) (1981)."[4] There is no assertion Owens or his sister consented to the officer's entry. The issue is whether the officer's first few steps into the room were made under exigent circumstances.

"[A]n exigent circumstance which does justify the warrantless entry of a private home is the officer's reasonable belief that such action is a necessary response on his part to an emergency situation."[5] The trial court made a finding of fact that the officer entered in order to prevent the destruction of contraband. "On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment."[6] The court's findings of fact " 'will not be disturbed if there is any evidence to support them.' "[7]

But there is no evidence to support such a finding. The officer only explained that his safety was the reason for entering. Although destruction of illegal drugs may in some cases provide the required exigency,[8] the officer had already entered the room before he became aware of the presence of drugs.

The officer testified that he entered the room when Owens went into the bathroom out of view, with a retrieved box of unknown contents and ignoring the officers' request for identification, because he

---

[1] *Gilreath v. State*, 247 Ga. 814, 819 (1) (279 SE2d 650) (1981).

[2] *State v. Brown*, 158 Ga. App. 312, 314 (279 SE2d 755) (1981); *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664) (1994).

[3] *Pickens v. State*, 225 Ga. App. 792, 794 (1) (b) (484 SE2d 731) (1997) and cases cited therein.

[4] *Carranza v. State*, 266 Ga. 263, 264-265 (467 SE2d 315) (1996).

[5] *Coker v. State*, 164 Ga. App. 493, 496 (5) (297 SE2d 68) (1982).

[6] *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993).

[7] (Citation omitted.) *State v. Williams*, 220 Ga. App. 100, 102 (2) (469 SE2d 261) (1996).

[8] *State v. David*, 269 Ga. 533, 536 (2) (501 SE2d 494) (1998).

thought Owens was getting a gun. "It is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed."[9] "Although we review police actions from the standpoint of a hypothetical reasonable officer, we must measure those actions from the foresight of an officer acting in a quickly developing situation and not from the hindsight of which judges have benefit."[10]

The court did not base its decision on the officer's stated reason, but the officer's fear that Owens had a gun and was getting it is a reasonable belief under the circumstances and justifies the limited entry to see whether that was so.[11] Owens did not bring the box, which he obtained in response to the officers' request for identification, to the officer or reach into it, as though it contained his identification. Instead, he secreted himself with it. Once inside the room with a clear view of Owens, the obvious destruction of drugs provided the exigent circumstances for the officer to proceed with the arrest and seizure.[12]

*King v. State*[13] is factually distinct. In that case, the officer was unable to explain why it was necessary to proceed through the open door for his own safety.

Since " '[a] trial court's ruling will be affirmed if it is right for any reason' [cit.],"[14] the denial of the motion and the conviction are affirmed.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 18, 1999.

*Corinne M. Mull*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert F. Schnatmeier, Robert M. Coker, Assistant District Attorneys*, for appellee.

---

[9] *Condon v. State*, 203 Ga. App. 163 (416 SE2d 802) (1992); *Pickens v. State*, supra; *State v. Jarrells*, 207 Ga. App. 192, 193 (4) (427 SE2d 568) (1993); *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991).

[10] (Punctuation omitted.) *State v. Brannan*, 222 Ga. App. 372, 373 (1) (474 SE2d 267) (1996).

[11] See also *Pace v. State*, 219 Ga. App. 583, 585 (466 SE2d 254) (1995) (officer in a level one non-coercive, lawful stop allowed to "take appropriate self-protective measures when he lawfully confronts an individual and reasonably believes him to be armed or otherwise dangerous to the officer or others").

[12] *State v. David*, supra.

[13] 217 Ga. App. 889 (459 SE2d 605) (1995).

[14] *Frederick v. State*, 226 Ga. App. 540, 541 (1) (487 SE2d 107) (1997).