A07A0666. RICHARDS v. THE STATE.
(649 SE2d 747)

MILLER, Judge.

Following her indictment for violations of the Georgia Controlled Substances Act, Regina Richards filed a motion to suppress evidence seized during a warrantless search of her home. Richards now brings

---

this interlocutory appeal, challenging the trial court's denial of that motion. Finding that exigent circumstances justified the warrantless search, we affirm.

"In considering an appeal from [a] denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts." *Jackson v. State*, 280 Ga. App. 716 (634 SE2d 846) (2006).

So viewed, the evidence in this case shows that on November 14, 2005, the dispatcher for the Watkinsville City Police Department ("WPD") relayed the receipt of a 911 call reporting a man screaming at or arguing with a child or woman. Sergeant Lopatin Slaymaker of the WPD responded to that call, as did Oconee County Sheriff Scott Berry. Slaymaker and Berry first talked with two women, including the complainant, whose house backed up to Richards' residence. The women "were adamant that they had heard a child being beaten at [Richards'] house." The officers walked to the back of the complainant's yard, in the direction of Richards' house, and heard yelling coming from the house.

The officers then drove to Richards' house, where they heard a loud argument as they approached the front door. The shouting ceased when police knocked, and the door was answered almost immediately by Richards' boyfriend, who appeared flushed, "like he had been in an argument." Slaymaker had the boyfriend step outside so that the officer could speak with him, and Berry entered the residence to speak with Richards. Richards explained that she and her boyfriend had been having an argument over money and that she was not hurt. In response to questions from Berry, Richards stated that she had no children and that no children were present in the house. Berry looked around the front room and could see no evidence that children occupied the house. He then informed Richards, however, that he was going to search the remainder of the home to make sure that no children were present. Richards asked if she could put away some personal items before Berry conducted his search, but Berry denied her request.

During his search, Berry discovered a small amount of marijuana and a marijuana pipe. He reported his findings to Slaymaker, and Richards and her boyfriend were subsequently arrested on misdemeanor charges.[1]

On appeal, Richards argues that the trial court erred in refusing to suppress the evidence seized as a result of the nonconsensual, warrantless search of her home. We disagree.

---

[1] Although Richards' boyfriend is her co-defendant below, he is not a party to this appeal.

It is a "basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." (Citations and punctuation omitted.) *Brigham City v. Stuart*, 547 U. S. 398 (126 SC 1943, 1947, 164 LE2d 650) (2006). Thus, "[w]hen a defendant moves to suppress evidence based on an illegal search, the state must bear the burden of proving that the search was lawful." *Leon-Velazquez v. State*, 269 Ga. App. 760, 761 (1) (605 SE2d 400) (2004).

The trial court found that the search was legal under the "exigent circumstances" exception to the warrant requirement. This exception applies where "the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." (Citation and punctuation omitted.) *Brigham City*, supra, 126 SC at 1947. Such circumstances exist where a police officer reasonably believes he or she needs "to render emergency assistance to an injured occupant or to protect an occupant from imminent injury. [Cit.]" Id. "Fear for the safety of a young child believed to be in harm's way is an example of an exigent circumstance." *Leon-Velazquez*, supra, 269 Ga. App. at 762 (holding that exigent circumstances exist where an officer reasonably believes "that such action is a necessary response on his part to an emergency situation") (citation and punctuation omitted).

Here, we hold that under the totality of the circumstances, when viewed objectively, an officer could reasonably believe that a child inside the house was in need of medical attention or was in danger of imminent harm. See *Leon-Velazquez*, supra, 269 Ga. App. at 762; *City of East Point v. Smith*, 258 Ga. 111, 112 (365 SE2d 432) (1988) ("The determination of [F]ourth-[A]mendment reasonableness requires consideration of the totality of circumstances in a particular case, weighing all of the factors suggesting constitutional violation against all of those indicating validity.") (citations and punctuation omitted).

In reaching such conclusion, we note that while the 911 dispatcher expressed some doubt as to whether the person being screamed at was a child or a woman, the neighbors who spoke to Slaymaker and Berry clearly stated that the victim was a child, not a woman, and that the child was being beaten. Given that one of the neighbors was the complainant and that they had actually heard the altercation, it was objectively reasonable for the officers to assume that any doubt expressed by the 911 dispatcher had been clarified and that it was a child, not a woman, who was the victim. Moreover, while Slaymaker and Berry did not see any physical evidence of a child from the front room of Richards' home and while Richards denied the presence of any child, such factors did not override the neighbors' "adamant" claims that a child was present. The fact that no child was actually present in the house is irrelevant, because this Court must review the

actions of Slaymaker and Berry based on foresight in a quickly developing situation rather than hindsight.

Given the existence of exigent circumstances, Slaymaker and Berry were justified in searching Richards' home without a warrant in order to determine if a child was present and in need of medical attention or in danger of imminent harm, and the trial court properly denied Richards' motion to suppress evidence seized as a result of that search.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007 —
RECONSIDERATION DENIED JULY 13, 2007 — ■

*Elizabeth M. Grant, Benjamin A. Pearlman*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.